■ In the Matter of YAMILLY M.S., Appellant, v RICARDO A.S., Respondent. [26 NYS3d 278]—

Order, Family Court, New York County (Carol J. Goldstein, Ref.), entered on or about February 27, 2015, which denied petitioner mother's application to relocate with the subject children to Florida, unanimously affirmed, without costs.

The determination that relocation to Florida would not be in the children's best interests has a sound and substantial basis in the record (*see Matter of Tropea v Tropea*, 87 NY2d 727, 736 [1996]; *Matter of David J.B. v Monique H.*, 52 AD3d 414 [1st Dept 2008]). The parties stipulated to joint custody, with petitioner having primary physical custody. Respondent father has fully exercised his visitation rights and has frequently picked the children up from their school near his home. Petitioner has good reasons for seeking to move to Florida; her husband lives there, and his home is larger than her apartment. However, respondent has sound reasons for opposing the relocation; it would limit the amount and quality of his contact with the children and disrupt their relationship, even with liberal vacation visitation. Any quality-of-life advantage realized would not necessarily outweigh the disruption in the children's relationship with their father (*see Matter of Angel D. v Nieza S.*, 131 AD3d 874 [1st Dept 2015]). The older child's expressed preference for relocation is but one factor to be considered; it is not determinative (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.